UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN MARIE FEENEY, | No. 2:12-cv-2769 AC |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XIV of the Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, the court will grant in part plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

PROCEDURAL BACKGROUND

Plaintiff filed applications for DIB and SSI in February 2009 alleging disability beginning on March 4, 2007. Administrative Record ("AR") 130-33, 134-40. Plaintiff's claims were consolidated and denied initially and again upon reconsideration. AR 73-78, 80-84. On December 14, 2010, a hearing was held before administrative law judge ("ALJ") Mary French.

AR 23-50. Plaintiff appeared with attorney representation at the hearing, at which she and a vocational expert testified. See id. In a decision dated March 14, 2011, the ALJ found that plaintiff was not disabled. AR 58-72. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2011.
>
> 2. The claimant has not engaged in substantial gainful activity since March 4, 2007, the alleged onset date.
>
> 3. The claimant has the following severe impairments: chronic joint pain and De Quervain's tenosynovitis.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than medium work as defined in 20 CFR 404.1567(c) and 416.967(c), as the claimant can never climb ladders, ropes or scaffolds; can frequently but not constantly balance, stoop, kneel, crouch, crawl, and climb ramps or stairs; and can frequently but not constantly engage in handling or wrist movements bilaterally.
>
> 6. The claimant is capable of performing past relevant work as a waitress, identified by the vocational expert as a light, semi-skilled position. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from March 4, 2007, through the date of this decision.

AR 58-72.

Plaintiff requested review of the ALJ's decision by the Appeals Council, but the Council denied review on September 7, 2012, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-6.

## FACTUAL BACKGROUND

Born on May 6, 1960, plaintiff was 46 years old on the alleged onset date of disability and 50 years old at the time of the administrative hearing. Plaintiff is a high school graduate who last worked as a waitress. AR 28-29. Plaintiff testified that she left her last two waitressing jobs due to the closing of one restaurant and because she and her sister, who owned the other restaurant

where plaintiff worked, could not get along anymore. AR 29-30. Plaintiff alleges disability beginning on March 4, 2007 due to chronic rheumatoid arthritis, anxiety, depression, and pain in her back, knees, hands, and feet.

## LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir.2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec' y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir.1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.1985).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the Court may review only the reasons stated by the ALJ in her decision "and may not affirm the ALJ on a ground upon which [she] did

1  not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); see also Connett v. Barnhart, 340

2  F.3d 871, 874 (9th Cir. 2003).

3      The court will not reverse the Commissioner's decision if it is based on harmless error,

4  which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the

5  ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

6  2006) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.

7  Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## ANALYSIS

9      Plaintiff seeks summary judgment on the grounds that the ALJ failed to properly weigh

10  the medical opinion evidence and improperly rejected the lay witness evidence. The

11  Commissioner, in turn, argues that the ALJ's decision is supported by substantial evidence and is

12  free from legal error.

13  A.  Opinion of Examining Psychologist

14     1.  Dr. Robert L. Morgan

15      On December 3, 2010, Dr. Robert L. Morgan, an examining clinical psychologist,

16  performed a comprehensive psychological evaluation of plaintiff. AR 299-307. With no medical

17  records to review, Dr. Morgan's evaluation was based entirely on plaintiff's self-reports and his

18  own psychological assessment. Plaintiff's primary allegation was severe depression, anxiety and

19  ongoing pain associated with rheumatoid arthritis. She reported that she last worked in 2007 for

20  her sister but stopped due to progressively increasing pain and due to problems with her sister.

21  Around that time, plaintiff also experienced other stressors, including loss of a long-term

22  relationship, the passing away of her brother, and her inability to continue employment. Since

23  then, plaintiff's depression has worsened to the point of inability to function. She experiences

24  panic attacks a few times a week, has increasingly restricted her activities, has gained 40-50

25  pounds, and is increasingly socially isolated. As to her drug and alcohol use, plaintiff indicated

26  that she discontinued her use of alcohol some 8 months prior, and she denied a history of alcohol

27  overuse. She also denied use of illicit, illegal substances.

28      Dr. Morgan's mental status examination revealed plaintiff to be cooperative, calm and

anxious, and he noted that she did put her best effort forward in response to psychological testing. He found her mood and affect to be moderately depressed, frequently near tears during the examination. Testing revealed impairments in plaintiff's ability to perform some calculations, to concentrate, and to think abstractly, as well as impairments in insight and judgment. Dr. Morgan found plaintiff to suffer from market distress and severe impairment in functioning, to be plagued by thoughts of worthlessness, hopeless and personal failure, and to experience a discomforting level of anxiety that would significantly compromise her ability to concentrate. Dr. Morgan's clinical impression was that plaintiff suffers from Major depressive disorder, single episode, severe, without psychosis, and from panic disorder with agoraphobia. He also determined that plaintiff meets the criteria for a 12.04, an affective disorder, and 12.06, an anxiety-related disorder.

2.  Legal Standards

"An examining or treating [psychologist's] opinion may be rejected by the ALJ when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes 'findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.'" Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating psychologist is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. See Thomas, 278 F.3d at 957; see also Lester v. Chater, 81 F.3d 821, 830-32 (9th Cir. 1995).

"A nonexamining [psychologist] is one who neither examines nor treats the claimant." Lester, 81 F.3d at 830. "The opinion of a nonexamining [psychologist] cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an [examining or treating psychologist]." Id. at 831.

When a nonexamining psychologist's opinion contradicts an examining psychologist's opinion and the ALJ gives greater weight to the nonexamining psychologist's opinion, the ALJ must articulate her reasons for doing so. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600-01 (9th Cir. 1999) ("Opinions of a nonexamining [psychologist] may serve as

5

1 substantial evidence when they are supported by other evidence in the record and are consistent
2 with it.").

3      3. <u>Analysis</u>

4 The ALJ gave very little weight to Dr. Morgan's opinion for two reasons. First, the ALJ
5 noted that plaintiff was untruthful during the evaluation. The ALJ noted as follows:

> The claimant's statements concerning her alcohol and drug use have been inconsistent. For instance, the claimant told the psychological consultative examiner that she used marijuana occasionally and that she used to drink one-half to one pint of liquor at a time. However, she told a separate examiner that she only drinks alcohol occasionally, and denied the use of all illicit drugs. During Dr. Morgan's evaluation, the claimant denied a history of the overuse of alcohol, and also denied the use of illicit, illegal substances. Next, at the hearing, while she did admit to a history of alcohol abuse, she stated that she had not used marijuana since the 1980's, which was inconsistent with her earlier reports of drug use. Finally, the claimant's primary care records contain a note from January of 2011 showing a positive drug screen for methadone. In fact, the notes indicate that the claimant was not to be prescribed narcotics, due to her history of illicit drug use.

14 AR 64.

15 It is well-settled that an ALJ may employ "ordinary techniques of credibility evaluation,"
16 including the claimant's reputation for truthfulness and inconsistent statements on various
17 matters. <u>See</u> <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1039 (9th Cir. 2008); <u>Thomas v. Barnhart</u>,
18 278 F.3d 948, 958-59 (9th Cir. 2002). It follows that the ALJ may permissibly infer from
19 plaintiff's inconsistent statements that plaintiff is not fully credible about other issues, such as
20 subjective complaints. <u>See</u> <u>Tommasetti</u>, 533 F.3d at 1040. A plaintiff's dishonesty, then, can be
21 a specific and legitimate reason that an ALJ may rely on to reject a physician's opinion if that
22 opinion was based on the claimant's discredited subjective complaints. <u>Thomas</u>, 278 F.3d at 957;
23 <u>Fair v. Bowen</u>, 885 F.2d 597, 605 (9th Cir. 1989).

24 It certainly may be that psychiatric diagnoses are necessarily based to some significant
25 extent on what is reported by the individual concerning his or her symptoms and limitations. <u>See</u>
26 <u>Flanery v. Chater</u>, 112 F.3d 346, 350 (8th Cir. 1997) ("[a] patient's report of complaints, or
27 history, is an essential diagnostic tool"; "[a]ny medical diagnosis must necessarily rely upon the
28 patient's history and subjective complaints"). However, this does not mean it is inappropriate to

1 reject a psychiatric opinion when there are valid reasons to discount the credibility of the
2 reporting on which it is based. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001)
3 (ALJ may disregard medical opinion premised on claimant's complaints where record supports
4 ALJ in discounting claimant's credibility); see also Morgan v. Comm'r of Soc. Sec., 169 F.3d
5 595, 601 (9th Cir. 1999).

6     It is true, as noted by plaintiff, that in Ryan v. Commissioner of Social Security, 528 F.3d
7 1194 (9th Cir. 2008), the Ninth Circuit stated that "an ALJ does not provide clear and convincing
8 reasons for rejecting an examining physician's opinion by questioning the credibility of the
9 [claimant's] complaints where the [examining physician] does not discredit those complaints and
10 supports his [or her] ultimate opinion with his [or her] own observations." Id. at 1199-1200. The
11 Ninth Circuit, however, went on to note that there was "nothing in the record to suggest" the
12 examining physician in that case relied on the claimant's own "description of her symptoms . . .
13 more heavily than his own clinical observations." Id. at 1200. Here, and unlike in Ryan, Dr.
14 Morgan's evaluation was based almost entirely on plaintiff's self-reports. See Morgan, 169 F.3d
15 at 602 (holding that a physician's opinion on disability premised on a claimant's own accounts of
16 his symptoms and limitations may be disregarded where those complaints have been properly
17 discounted). Initially, the court notes that Dr. Morgan did not review any medical records prior to
18 evaluating plaintiff. As to Dr. Morgan's nine-page report, the first four pages were dedicated to,
19 inter alia, plaintiff's statements regarding her illness, developmental, educational, employment,
20 and mental health history. Dr. Morgan's psychological assessment was also based largely on
21 plaintiff's self-reports. For example, of the three tests performed, at least one—the Beck
22 Depression Inventory—is a multiple-choice self-report inventory. This cannot be said to
23 represent objective clinical findings. See Partee v. Comm'r of Soc. Sec., 2010 WL 1233532, at
24 *9 (E.D. Cal. 2010). Lastly, Dr. Morgan's concluding discussion section, which is nearly two
25 pages long, is replete with summaries of plaintiff's self-reports. Because Dr. Morgan relied
26 heavily on plaintiff's self-reports, the undersigned finds that the ALJ provided a specific and
27 legitimate reason for rejecting Dr. Morgan's opinion.

28     The ALJ also noted that Dr. Morgan's opinion is inconsistent with the other source

statements of record.  The ALJ, however, did not offer any analysis of the other source statements or why they were more persuasive than Dr. Morgan's.  Nonetheless, because the ALJ relied on plaintiff's properly discounted credibility for affording little weight to Dr. Morgan's opinion, the court finds no error.

B.     Lay Witness Testimony

    1.     Opinion of Donna Feeney

On February 17, 2010, plaintiff's sister-in-law, Donna Feeney, completed a Function Report – Adult – Third Party.  AR 181-88.  Ms. Feeney has known plaintiff for 30 years and spends 1-2 hours a day with her daily.[1]  She noted that before her illness, plaintiff was able to work, exercise and participate in physical activities.  After the injury, plaintiff wakes up in pain and with anxiety.  Per Ms. Feeney, plaintiff prepares her own meals daily, does laundry and other household chores, and is able to pay bills, count change, handle a savings account, and use a checkbook.

Ms. Feeney also indicated that plaintiff goes out several times a day, though mostly on the porch; she drives a car; and when she does go out or drive, she can do so by herself.  Ms. Feeney wrote that plaintiff spends time with others by visiting at home with family daily, that she goes to the grocery story regularly, and that she goes out about twice a week, but that she does not interact with others since she is not able to work or meet people.

As to plaintiff's limitations, Ms. Feeney noted that plaintiff's impairments have affected her ability to lift, walk, climb stairs, squat, bend, kneel, use her hands, complete tasks, and reach.  She stated that plaintiff could lift less than 10 pounds, walk a ½ block before needing a 3-5 minute break, reach though not fully extended, and cannot squat or kneel.  She also stated that plaintiff has no problems paying attention and that she could finish what she starts, she can get along with authority figures, she can handle her stress and changes to routine fairly well, and that she can follow spoken instructions, but she cannot follow written instructions very well.

////

---

[1] Plaintiff testified at the hearing that she lives with her sister-in-law.  AR 27.

### 2. Analysis

As to Ms. Feeney's third-party statement, the ALJ wrote only that, "[w]hile Ms. Feeney's statements are taken into consideration in light of the other evidence of record, no weight is assigned to her opinions of the claimant's limitations, as she is not an acceptable medical source." AR 66.

Lay testimony regarding a claimant's symptoms is competent evidence which the Commissioner must take into account. Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2006); 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e) (evidence from non-medical sources such as family members, friends, and neighbors, may be used to show the severity of an impairment and how it affects the claimant's ability to work). The ALJ is required to give specific reasons, germane to the lay witness, to properly discount lay testimony. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009) ("If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons that are germane to each witness [and] the reasons germane to each witness must be specific") (internal quotation omitted); Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999) (ALJ can reject lay testimony "only by giving specific reasons germane to each witness").

Lay witnesses are "other sources," and by definition are not "acceptable medical sources" basing their opinions on medical evidence. 20 C.F.R. § 404.1513(d)(1). Since by definition all lay witnesses are not acceptable medical sources, the court concludes that the ALJ's decision to discount the lay opinion by Ms. Feeney because it was from not an acceptable medical source was not a reason germane to the particular lay witness and does not give much support for the decision to discount her opinions. Bruce, supra, 557 F.3d at 1115; see also 20 C.F.R. § 404.1513(d)(1).

As the Commissioner points out, the ALJ also implied that some portions of Ms. Feeney's were rejected as inconsistent with the record: "Ms. Feeney's statements are taken into consideration in light of the other evidence of record." While inconsistency with the medical evidence may be a reason to reject lay witness testimony, substantial evidence does not support the ALJ's reliance on this reason because the ALJ did not identify which of Ms. Feeney's statements are unsupported by the record, or what evidence contradicts her statements. As such,

9

1  this reason is also not sufficiently specific to constitute a germane reason for rejecting her

2  statements.  See Bruce, 557 F.3d at 1115 (citing Stout, 454 F.3d at 1054) ("If an ALJ disregards

3  the testimony of a lay witness, the ALJ must provide reasons 'that are germane to each witness'

4  . . . [and the reasons] must be specific.").

5        According to the Ninth Circuit, "where the ALJ's error lies in a failure to properly discuss

6  competent lay testimony favorable to the claimant, a reviewing court cannot consider the error

7  harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the

8  testimony, could have reached a different disability determination." Stout, supra, 454 F.3d at

9  1056 (reviewing cases).  Because the court cannot so conclude with confidence, the court cannot

10 find that the ALJ's error in discussing the lay evidence offered by Ms. Feeney is harmless error.

11       Though remand for an award of benefits is not appropriate, this action must be remanded

12 for reexamination of the lay witness testimony. The lay witness appeared to have had substantial

13 opportunities to observe and interact with plaintiff, and her carefully articulated observations

14 required a more thorough consideration than that reflected in the ALJ's decision.  On remand, an

15 ALJ must either credit the lay witnesses' testimony or provide truly "germane" and legitimate

16 reasons its rejection. If the ALJ accepts the testimony, plaintiff's own credibility, plaintiff's RFC,

17 and the ultimate question of disability must be reexamined as well.

## CONCLUSION

19       Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

20     1.  Plaintiff's motion for summary judgment is granted in part;

21     2.  The Commissioner's cross-motion for summary judgment is denied; and

22     3.  This matter is remanded for further proceedings.  On remand, the ALJ shall reconsider

23         the weight given to Ms. Feeney's third party statement, and, if necessary, revise the

24         residual functional capacity and present an appropriate hypothetical to a vocational

25         expert.

26 DATED: February 4, 2014

27                              /s/ Allison Claire
                            ALLISON CLAIRE
28                             UNITED STATES MAGISTRATE JUDGE