UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN MARIE FEENEY,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          Defendant. | No. 2:12-cv-2769 AC<br><br><br><br>ORDER |

Plaintiff brought this action seeking judicial review of a final administrative decision denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under the Act. On February 5, 2014, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the Court granted plaintiff's motion in part, denied defendant's cross-motion for summary judgment, and remanded the action for further proceedings.

The Court's decision was based upon the conclusion that the Administrative Law Judge ("ALJ") erred in his consideration of lay witness statements. Accordingly, plaintiff's motion for summary judgment was granted as to only one of two issues raised. The Court remanded with direction to the ALJ to adequately consider the testimony of plaintiff's witness.

1

On May 6, 2014, plaintiff filed a motion for attorney fees seeking a fee award of $5,648.00 for 30.2 hours preparing this case and $1,608.37 for 8.6 hours preparing the instant motion for a total of $7,256.38 for 38.8 hours (plus costs and other fees). See ECF Nos. 19-20. Defendant opposes the motion on the ground that her position was substantially justified. Alternatively, she argues that plaintiff's fee request is unreasonable and should be reduced.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff."). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001).

Here, the Court finds that plaintiff is the prevailing party. Moreover, the Court finds that plaintiff did not unduly delay this litigation, and that her net worth did not exceed two million

dollars when this action was filed.  The Court also finds that the position of the government was not substantially justified.  See Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (position of the government "includes both the government's litigation position and the underlying agency action giving rise to the civil action."); Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("While the government's defense on appeal of an ALJ's procedural error does not automatically require a finding that the government's position was not substantially justified, the defense of basic and fundamental errors such as the ones in the present case is difficult to justify."); Sampson v. Chater, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding no substantial justification where the Commissioner "did not prove that her position had a reasonable basis in either fact or law" and "completely disregarded substantial evidence" of the onset of disability).  Because the government's underlying position was not substantially justified, the undersigned need not address whether the government's litigation position was justified.  Meier, 727 F.3d at 872.

        Reasonableness of Attorney Fees

The EAJA expressly provides for an award of "reasonable" attorney fees.  28 U.S.C. § 2412(d)(2)A).  Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[1]  See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998).  Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'"  154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)).  The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'"  Id. at 989 (quoting Hensley, 461 U.S. at 437).  Plaintiff here has used the Ninth Circuit's 2013 EAJA rate of $187.02, which is consistent with the statutory maximum rates under the EAJA published by the Ninth Circuit.  28 U.S.C. §

---

[1] In accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be found on the Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff's requested rates are consistent with the statutory maximum rates established by the Ninth Circuit.

1  2412(d)(2)(A); Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005); Ninth Circuit Rule

2  of Appellate Procedure 39-1.6. The Commissioner does not oppose this hourly rate, and the

3  Court does not find any basis to reduce the hourly rate requested.

4          Reasonableness of Hours Expended

5          Though the Commissioner does not oppose the hourly rate, she does challenge the number

6  of hours expended on this case as unreasonable considering that this was a routine social security

7  case. Defendant thus seeks a reduction in plaintiff's fee request to $2,824.00 for 15.1 hours of

8  work (50% of the amount requested) and $280.53 for 1.5 hours of work on the instant motion.

9          The Court may award EAJA fees for attorney hours reasonably expended by plaintiff's

10 counsel in this matter. 28 U.S.C. § 2412(d) (2)(A). "[E]xcessive, redundant, or otherwise

11 unnecessary" hours should be excluded from the fee award. Hensley v. Eckerhart, 461 U.S. 424,

12 434 (1983). The Court must provide a "concise but clear explanation" of its reasons for a fee

13 award. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). See also Costa v. Comm'r of

14 SSA, 690 F.3d 1132, 1135 (9th Cir.2012) (district court must give reasons for reducing fees;

15 where disparity between fees requested and awarded relatively large, court should provide

16 specific articulation of reasons for reducing award) (citing Moreno v. City of Sacramento, 534

17 F.3d 1101, 1111 (9th Cir. 2008)).

18         After carefully reviewing the record and the pending motion, the Court agrees with the

19 Commissioner that the claimed hours is an unreasonable amount of attorney time to have

20 expended on this matter. Plaintiff's counsel, for example, asserts that she spent 6.7 hours drafting

21 the lay witness argument, which amounted to no more than 2.5 pages, including only a one-

22 paragraph summary of facts, two paragraphs of law, and one paragraph of analysis. As for

23 plaintiff's 8.6 hours expended in preparing the instant motion, the Court also agrees with the

24 Commissioner that it is almost entirely boilerplate but for short, specific sections. Thus, the

25 Court finds it appropriate to reduce the number of hours that plaintiff's counsel spent preparing

26 the lay witness argument by half and the hours spent on the instant motion by three hours.

27 Accordingly, plaintiff will be awarded fees for 26.85 hours on the motion for summary judgment

28 and 5.6 hours of work on the instant motion, resulting in $6,068.80 plus another $20.25 for

1   expenses and $32.10 for fees for a total award of $6,121.15.

2        Insofar as plaintiff's motion can be construed to include a request that any EAJA fees
3   awarded be paid directly to plaintiff's attorney, the Court notes that, prior to the filing of
4   plaintiff's motion, the United States Supreme Court ruled that an attorney fee award under the
5   EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-
6   existing debt owed to the United States by the claimant.  Astrue v. Ratliff, 560 U.S. 586, 130 S.
7   Ct. 2521, 2526-27, 2529 (2010).  Subsequent to the decision in Ratliff, some courts have ordered
8   payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's
9   assignment of EAJA fees, provided that the plaintiff has no debt that requires offset.  See
10  Blackwell v. Astrue, 2:08-cv-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011);
11  Dorrell v. Astrue, 2:09-cv-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011);
12  Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010);
13  Castaneda v. Astrue, 09-cv-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010).
14  Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees
15  under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the
16  government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's
17  attorney and shall honor the assignment by making the fees and expenses payable directly to
18  counsel.  The Court will incorporate such a provision in this order.

19       Accordingly, IT IS HEREBY ORDERED that:

20       1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 19)
21  is granted;

22       2. Plaintiff is awarded $6,121.15 for attorney fees under 28 U.S.C. § 2412(d); and

23       3. Defendant shall determine whether plaintiff's EAJA attorneys' fees are subject to any
24  offset permitted under the United States Department of the Treasury's Offset Program and, if the
25  fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause
26  ////
27  ////
28  ////

the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

DATED: August 13, 2014

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE